**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| MATTHEW JAMES GRIFFIN, #Y53580, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 25-cv-01367-SMY** |
| | ) | |
| DEEDEE BROOKHART, | ) | |
| JEREMIAH BROWN, LT. SAWYER, | ) | |
| SGT. STEELE, MAJOR HENTON, | ) | |
| C/O MARTIN, C/O MUSGRAVES, | ) | |
| C/O SUMMERS, SGT. PIPER, | ) | |
| SGT. JOHNSON, LT. YOUNG, | ) | |
| SGT. HAYDEN, PERCY MYER, | ) | |
| SGT. JOHN DOE 1, SGT. JOHN DOE 2, | ) | |
| C/O JOHN DOE 3, C/O JOHN DOE 4, | ) | |
| LT. JOHN DOE 5, and JOHN DOES 6-27, | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, Chief District Judge:**

Plaintiff Matthew James Griffin, an inmate of the Illinois Department of Corrections (IDOC), filed a Complaint pursuant to 42 U.S.C. § 1983 for alleged constitutional deprivations stemming from his inadequate shelter at Lawrence Correctional Center. (Doc. 1). The Complaint is subject to preliminary review under 28 U.S.C. § 1915A, which requires screening of prisoner complaints and dismissal of portions that are legally frivolous or malicious, fail to state a claim, or seek money damages from an immune defendant.

### <u>The Complaint</u>

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 1-30): Plaintiff transferred into the custody of IDOC pursuant to an interstate corrections compact with the New Mexico prison system in August 2022. He arrived at Lawrence on September 16, 2022. *Id*. at 6.

Because he qualifies for accommodations under the Americans with Disabilities Act (ADA),[1] Plaintiff was placed in an ADA cell (R8-CL-22) in administrative detention and has remained there ever since. *Id*. at 7.

Defendants denied Plaintiff adequate shelter from the cold after the south end boiler malfunctioned and failed to supply hot water to the radiant heaters that serve half of the housing units at Lawrence from October 28, 2022 through March 19, 2023. *Id*. The temperature in his housing unit began to fall below 50 degrees by October 28, 2022, below 40 degrees by mid-November 2022, and below 32 degrees by December 2022. *Id*. at 12.

It snowed on December 22, 2022, and the snow accumulated on the floor of the lower deck of C Wing in Building 8. *Id*. at 13. The next morning, the temperature fell to -4 degrees outside, and a thermal gun recorded a temperature of 30 degrees in C Wing. "They" worked on the sky vent but said nothing could be done about the heat. *Id*. The early morning temperature was 27 degrees on March 18, 2023, 23 degrees on March 19, 2023, and 25 degrees on March 20, 2023. *Id*. at 18. The heat was restored to Plaintiff's cell on the afternoon of March 20, 2023. *Id*.

On the following dates, Plaintiff told prison officials that "cold air was flowing into the cells and the heat was not on:" Brookhart, Brown, and Jennings[2] (October 28, 2022); Musgraves, Henton, Doe #1, Doe #2, Doe #3, and Doe #4 (between October 29 and December 19, 2022); Doe #5 (November 23, 2022); Brookhart (December 20, 2022); Doe #7, Doe #8, and Doe #9 (December 23, 2022); Sawyer and Steele (December 29, 2022). They took no corrective action. *Id*. at 13-19.

Beginning in 2023, Plaintiff learned the Seventh Circuit Court of Appeals required inmates to have access to hot water in their cells, and he began informing staff of this as well. On the

---

[1] Plaintiff qualifies for accommodations due to bilateral shoulder dysfunction, vision impairment, and a serious heart condition caused by premature ventricular contraction. *Id*. at 6-7.
[2] Because Plaintiff does not name "Jennings" as a defendant, all claims against this individual are considered dismissed from this action without prejudice.

2

following dates, Plaintiff reported cold air, no heat, and no hot water: Doe #10 (January 10, 2023); Martin (January 22, 2023); Jennings and Henton (January 23-24, 2023); Musgraves (January 24, 2023); Piper, Summers, and Doe #13 (January 25, 2023); Johnson (January 27, 2023); Doe #14 and Doe #23 (February 3, 2023); Doe #15 and Doe #24 (February 7, 2023); Brookhart, Brown, and Jennings (February 9, 2023); Young and Hayden (February 10, 2023); Myer, Doe #17, and Doe #25 (February 11, 2023); Brookhart (February 25, 2023); Doe #18 and Doe #26 (March 3, 2023); Summers and Doe #19 (March 6, 2023); Doe #20 and Doe #27 (March 9, 2023); Doe #21 and #22 (March 17, 2023). They took no corrective action. *Id*. at 13-19.

Plaintiff received specialized training in hyperthermia and induced hyperthermia while serving in the military. *Id*. at 10-11. At various times between October 2022 and March 2023, he suffered symptoms of hyperthermia, and he reported these symptoms to staff. *Id*. at 19 (listing symptoms). He also believes that heated cells were available in other areas of the prison, but no one moved him. *Id*. at 18.

Plaintiff filed grievances to complain about the lack of heat and hot water and exhausted his administrative remedies before filing suit. The first grievance appeal received a first-level response that stated the following on July 12, 2023: "Based on a review of all available information, this office has determined your grievance to be: other. Facility confirmed the south end boiler malfunctioned. Facility staff confirm it was fixed on 2/21/2023. Mixed." *Id*.

Based on these allegations, the Court designates the following claim[3] in the *pro se* Complaint:

> Count 1: Eighth Amendment claim against Defendants for subjecting Plaintiff to cold conditions, no heat, and no hot water in Cell R8-CL-22 from October 28, 2022 through March 19, 2023.

---

[3] The Court has combined Counts 1 and 2 in Plaintiff's Complaint because both address a combination of conditions involving inadequate shelter that resulted in his alleged injury with hypothermia in violation of the Eighth Amendment.

Any other claim mentioned in the Complaint but not addressed herein is considered dismissed without prejudice under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim if it does not plead "enough facts to state a claim that is plausible on its face.").

### Discussion

The Eighth Amendment prohibits cruel and unusual punishment of convicted persons. U.S. CONST. amend VIII. These protections extend to conditions of confinement that pose a substantial risk of serious harm to an inmate's health or safety. *Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). In order to state a colorable Eighth Amendment claim based on unconstitutional living conditions, a plaintiff must plead facts suggesting he suffered a serious deprivation and that each defendant acted with deliberate indifference to his conditions of confinement. *Sain v. Wood*, 512 F.3d 886, 894 (7th Cir. 2008); *Helling v. McKinney*, 509 U.S. 25, 35 (1993).

Section 1983 creates a cause of action based on personal liability and predicated upon fault. Thus, a plaintiff may not attribute his constitutional claims to high-ranking officials by relying on *respondeat superior* because this doctrine is not recognized under § 1983. Each defendant must have participated in the constitutional wrongdoing. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).

Here, Plaintiff names forty defendants that he told "cold air was flowing into the cells and the heat was not on" (October 28, 2022 - December 31, 2022) or that his cell had cold air, no heat, and no hot water (January 1, 2023 – March 19, 2023). He describes one or two interactions with most defendants, and provides insufficient details about each individual's response to his complaints or his injuries during each encounter.

4

Plaintiff identifies five defendants who allegedly received his complaints about his inadequate shelter and his symptoms of hyperthermia during the relevant timeframe: Brookhart, Brown, Musgraves, Henton, and Summers.  As such, Count 1 will proceed against these individuals.  Plaintiff's claim will be dismissed without prejudice for failure to state a claim against all others.

### Disposition

The Complaint (Doc. 1) survives screening under 28 U.S.C. § 1915A, and **COUNT 1** will proceed against Defendants **BROOKHART, BROWN, MUSGRAVES, HENTON,** and **SUMMERS**, in their individual capacities.  However, **COUNT 1** is **DISMISSED** without prejudice against all other defendants for failure to state a claim.

Because Plaintiff seeks injunctive relief, the **WARDEN OF LAWRENCE CORRECTIONAL CENTER** (currently Jeremiah Brown) is **ADDED** in an official capacity to implement any injunctive relief ordered herein.

The Clerk shall prepare for Defendants **DEEDEE BROOKHART, C/O MUSGRAVES, MAJOR HENTON, SERGEANT SUMMERS,** and **JEREMIAH BROWN (individual and official capacity)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

5

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. § 1915, he will be required to pay the full amount of the costs, even though he was granted *in forma pauperis* status. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**The Clerk's Office is DIRECTED to ADD the Current Warden of Lawrence Correctional Center (official capacity) as a defendant and TERMINATE all defendants *other than* Brookhart, Brown, Musgraves, Henton, and Summers.**

**IT IS SO ORDERED.**

DATED:  April 23, 2026                    s/ *Staci M. Yandle*
                                          STACI M. YANDLE
                                          Chief U.S. District Judge

6

## Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.